**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:18-CV-00150-RJC-DSC**

| | |
|---|---|
| **JARED MODE, on behalf of himself and** ) | |
| **all others similarly situated,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ) | |
| **S-L DISTRIBUTION COMPANY, LLC,** ) | |
| **S-L DISTRIBUTION COMPANY, INC.,** ) | |
| **and S-L ROUTES, LLC,** ) | |
| ) | |
| **Defendants.** ) | |

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss Count III of Plaintiff's Complaint" (document #22) and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be <u>granted</u>, as discussed below.

## I.  PROCEDURAL AND FACTUAL BACKGROUND

Taking the facts of the Complaint as true, Plaintiff Jared Mode is a member of J&M Mode Distribution, LLC ("J&M" or "J&M Mode Distribution"), a North Carolina limited liability company. J&M entered into a commercial contract with Defendants known as a Distributor Agreement ("Agreement"). <u>See</u> "Complaint" at ¶ 14 (document #1). Pursuant to that Agreement,

Defendants granted J&M distribution rights for its snack food products. J&M purchased the products at wholesale from Defendants and sold them to various stores. J&M was responsible for ordering, selling, distributing, and merchandising Defendants' products to customers in its geographic territory. J&M also agreed to be financially responsible for certain aspects of the distributorship, including the costs associated with stale products and product delivery.

On March 22, 2018, Plaintiff filed this action alleging that he and a putative class of Defendants' distributors are actually employees misclassified as independent contractors. Plaintiff alleges causes of actions under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et. seq., ("FLSA") for failure to pay minimum wage and overtime pay. Plaintiff also alleges a cause of action for "illegal wage deductions" under the North Carolina Wage and Hour Act, N.C. Gen Stat. § § 95-25 et seq. ("NCWHA"). See "Complaint" at Count III (document #1). Plaintiff alleges that five deductions violate the NCWHA: "administrative service charges of approximately $40 per week, leased vehicle charges, vehicle loan repayment charges, route loan repayment charges, and charges for stale or unsold product." "Complaint" at ¶ 18 (document #1).

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to

relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The NCWHA defines wages as "compensation for labor or services rendered by an employee." N.C. Gen. Stat § 95–25.2. In Troche v. Bimbo Bakeries Dist., Inc., 2015 WL 4920280 (W.D.N.C. Aug.18, 2015), this Court interpreted the definition of "wages" under the NCWHA. Troche, 2015 WL 4920280 at *7. The Court held that where Plaintiff bread distributors' income was earned by buying Defendant's products at one price and selling them to retailers at a higher price, "Plaintiff's earnings [were taken] out of the statutory definition of 'wages.'" Id. (granting Defendant's motion for summary judgment as to NCWHA claim).

NCWHA regulation 13 N.C.A.C. 12.0301(d) provides:

(d) Items which are primarily for the benefit of the employer and which will not be computed as wages include but are not limited to: tools and equipment required by the employer; uniforms, where the business requires the employee to wear a unique or customized uniform; transportation charges where it is an incident of and necessary to the employment.

In Troche, the Court held that regulation "12.0301(d) includes a non-exhaustive list and describes 'non-wages' as '[i]tems which are primarily for the benefit of the employer,' as opposed to 'wages' 'where there is benefit to the employee and the benefit has been received by the employee." Id. (Internal citations omitted.) Accordingly, "[t]he costs allegedly diverted from Plaintiff's earnings for expenses related to operating the handheld computer are non-wages as a matter of law[.]" Id. at *7-8.

Plaintiff argues that Troche is distinguishable because it was decided at the summary judgment stage. But the Court's holding was based exclusively on "[the Amended Complaint['s] … detailed explanation of the sale and delivery process," and not any evidence that was presented. Id. at *7.

Applying this precedent to the facts alleged here, Plaintiff's NCWHA claim fails as a matter of law. J&M earned income pursuant to the following provision in the Distributor Agreement:

> [J&M] shall pay [Defendants] for all Products purchased each week, per the prices and terms on the current Price List, by Friday of the next week. Correspondingly, [Defendants] will settle on a weekly basis with [J&M] for any net amounts owed [J&M] for sales made of Products by [J&M] for which payment is made by [J&M]'s customers directly to [Defendants], from which settlement shall be deducted amounts owed by [J&M] to [Defendants], including, but not limited to, purchase costs for the Products, leasing costs, charges, credits, or deductions by [J&M]'s customers, other agreed upon or required charges, and other deductions authorized by [J&M].

"Distributor Agreement" at Article 10, Exhibit A to "Defendants' Memorandum … in Support …" (document #23). This agreement is essentially identical to the one in Troche. Plaintiff purchased goods from Defendants and earned income by selling them to third party retailers at a higher price. Accordingly, Plaintiff's income does not meet the NCWHA's definition of "wages."

Plaintiff alleges that Defendants deducted "administrative service charges of approximately $40 per week, leased vehicle charges, vehicle loan repayment charges, route loan repayment charges, and charges for stale or unsold product" in violation of the NCWHA. Like the deduction for handheld computers in Troche, these deductions were primarily for Defendants' benefit and therefore non-wages under 13 N.C.A.C. 12.0301(d).

For these reasons, the undersigned respectfully recommends that Defendants' Motion to Dismiss Plaintiff's NCWHA claim be granted.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants' Motion to Dismiss Count III of Plaintiff's Complaint" (document #22) be **GRANTED** and Plaintiff's claim under the North Carolina Wage and Hour Act, N.C. Gen Stat. § § 95-25 et seq. ("NCWHA") be **DISMISSED WITH PREJUDICE**.

## IV. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO RECOMMENDED AND ORDERED.**

Signed: July 20, 2018

David S. Cayer
United States Magistrate Judge