IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-00150-RJC-DSC

| | |
|---|---|
| JARED MODE, on behalf of himself and all others similarly situated, ) ) ) Plaintiffs, ) ) v. ) ) ) S-L DISTRIBUTION COMPANY, LLC, ) S-L DISTRIBUTION COMPANY, INC., ) and S-L ROUTES, LLC, ) ) Defendants. ) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on "Third-Party Defendants' Motion to Dismiss Third-Party Complaints" (document #84), "Plaintiffs' Motion to Dismiss Defendants' Counterclaim" (document #92), and "[Third-Party Defendant] M&M Imports, Inc.'s Motion to Dismiss Third-Party Complaint" (document #103),[1] as well as the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Motions to Dismiss be denied without prejudice, as discussed below.

---

[1] Third-Party Defendant M&M Imports, Inc. relies upon and incorporates by reference the Memorandum of Law (document #93) filed by the other Third-Party Defendants.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Taking the facts of Defendants' Counterclaims and Third-Party Complaint as true, Plaintiffs are principals, officers, and/or employees of the Third-Party Defendant distribution companies that entered into commercial contracts with Defendants known as a Distributor Agreements ("Agreements").

The Agreements state that the Third-Party Defendants are independent contractors. The Agreement further provides that in the event a court finds the parties did not have an independent contractor relationship, either party could declare the Agreements null and void.

Pursuant to the Agreements, Defendants granted Third-Party Defendants distribution rights for its snack food products. Third-Party Defendants purchased the products at wholesale from Defendants and sold them to various stores. Third-Party Defendants were responsible for ordering, selling, distributing, and merchandising Defendants' products to customers in their respective geographic territory. Third-Party Defendants also agreed to be financially responsible for certain aspects of the distributorship, including the costs associated with stale products and product delivery. The Agreements provided that Third-Party Defendants controlled the schedules, hours, and operations of their businesses, claimed tax deductions for the expenses associated with running their businesses, and were allowed to distribute other products in addition to Defendants' snack foods. Third-Party Defendants also agreed to comply with all federal, state, and local laws including wage, overtime and benefit provisions for their employees. The Agreements also contain indemnification provisions.

On March 22, 2018, Plaintiff Jared Mode filed this action alleging that he and a putative class of Defendants' distributors are actually employees misclassified as independent contractors. Plaintiff alleges causes of actions under the Fair Labor Standards Act, 29 U.S.C. §§

201, et. seq., for failure to pay minimum wage and overtime pay.

Defendants responded with Counterclaims for unjust enrichment in the event Plaintiffs and/or Third-Party Defendants are found to be misclassified as independent contractors and the Agreements are voided. Similarly, Defendants filed Third-Party Complaints stating claims for indemnification and unjust enrichment.

Plaintiffs and Third-Party Defendants have moved to dismiss Defendants' counterclaims and third-party claims.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

(citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

Both the Complaint and the Motions to Dismiss are premised on the factual allegation that Plaintiffs and Third-Party Defendants are "one and the same" in their relationship with Defendants. "Third Party Defendants Reply …" at 2 (document #111). However, at this point in the proceeding Defendants' contrary allegation – that the Third-Party Defendant distributors were separate entities from Plaintiffs and were obligated to ensure that all wage and hour requirements were met – must be taken as true. Plaintiffs acknowledge that these facts are in dispute when they accuse Defendants of asserting "premature" claims. See "Plaintiffs' Reply…" at 1 (document #101).

Accordingly, where the pertinent facts are disputed, the undersigned respectfully recommends that Plaintiffs' and Third-Party Defendants' Motions to Dismiss be <u>denied without prejudice</u>.

### III. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Third-Party Defendants' Motion to Dismiss Third-Party Complaints" (document #84), "Plaintiffs' Motion to Dismiss Defendants' Counterclaim" (document #92) and "[Third-Party Defendant] M&M Imports, Inc.'s Motion to Dismiss Third-Party Complaint" (document #103) be **DENIED WITHOUT PREJUDICE** to Plaintiffs' and Third-Party Defendants' right to raise these arguments at the conclusion of discovery.

### IV. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO RECOMMENDED AND ORDERED.**

Signed: September 5, 2018

David S. Cayer
United States Magistrate Judge