# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-00150-KDB-DSC

| | |
|---|---|
| **JARED MODE,** on behalf of himself and all others similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>**S-L DISTRIBUTION COMPANY, LLC, S-L DISTRIBUTION COMPANY, INC., and S-L ROUTES, LLC,S-L ROUTES, LLC**<br><br>**Defendants.** | **ORDER** |

**THIS MATTER** is before the Court on three opt-in Plaintiffs', Anthony Eardley, Beth Sturino, and Michael Sturino, (collectively, the "Movants"), Motion to Strike filed on August 25, 2020. (Doc. No. 556). Defendants S-L Distribution Company, L.L.C.; S-L Distribution Company, Inc.; and S-L Routes, L.L.C.'s (collectively, "S-L") filed Motions for Summary Judgment ("MSJ") against the Movants in a Fair Labor Standards Act ("FLSA") collective action brought against S-L. (Doc. Nos. 552-554). In response, Movants seek to strike the MSJ on the grounds that the motions are premature since discovery is ongoing and because granting the summary judgment motions would not further the FLSA's goal of promoting efficiency in considering collective FLSA claims. (Doc. No. 556). Having reviewed and considered the written arguments, and for the reasons set forth below, the Court will grant Movants' motion to strike.

## I.  RELEVANT BACKGROUND

S-L manufactures, markets, and distributes snack foods to retail stores in North Carolina and other states. (Doc. No. 515-1, at 1). While S-L sells some products directly to stores, it primarily

1

contracts with independent business owners ("Distributors") to sell/distribute snack products in more than 3,200 different geographic territories across the country. (Doc. No. 515-1, at 2). The parties refer to these agreements as "Distributor Agreements." The Distributor Agreements state that the distribution companies are independent contractors. (*See, e.g.*, Doc. No. 23-1).

On March 22, 2018, Plaintiff Jared Mode filed this action alleging that he and a putative class of S-L's Distributors are entitled to certain protections under the FLSA, 29 U.S.C. §§ 201, *et seq.* (Doc. No. 1). The plaintiff class includes various principals, officers, and/or employees of the Distributors who allege that S-L intentionally misclassified them as independent contractors rather than employees, and by doing so, failed to pay minimum wage and overtime pay as required under the FLSA. *Id.* at ¶¶ 27-39.

On March 15, 2019, this Court conditionally certified a collective class action under the FLSA, (Doc. No. 143), and thereafter over 700 distributors opted-in to this FLSA collective action. Approximately 59 of those distributors (including the Movants) opted-in to the collective action before the Court's conditional certification order. On April 9, 2020, the Court granted S-L's Motion to Compel Arbitration as to 255 of the opt-in plaintiffs whose Distributor Agreements included valid arbitration provisions. (Doc. No. 532). Subsequently, on June 15, 2020, the Court dismissed those 255 Plaintiffs from this action. (Doc. No. 536).

On August 13, 2020, S-L filed MSJ against the three opt-in plaintiffs at issue here. (Doc. No. 552-554). In response, Movants filed this Motion to Strike S-L's MSJ. (Doc. No. 556).

## II. LEGAL STANDARD

Motions for summary judgment are typically based on the evidence found in discovery—*i.e.*, depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, and other materials. *See* Fed. R. Civ. P. 56(c)(1)(A). Although

Rule 56(b) allows a party to file for summary judgment "at any time," the general rule is that a non-moving party must receive "'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment." *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004); *see also Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council Baltimore*, 721 F.3d 264, 280 (4th Cir. 2013).

The FLSA's collective action mechanism allows a plaintiff to recover under the FLSA for and on behalf of himself and other employees similarly situated. *Long v. CPI Sec. Sys.*, 292 F.R.D. 296, 298 (W.D.N.C. 2013) (citing 29 U.S.C. § 216(b)). In order to be a plaintiff in such an action, an employee must "opt-in" by filing his or her consent to be a part of the collective action. *Id.* Courts in the Fourth Circuit follow a two-stage process when deciding whether potential plaintiffs are "similarly situated" so as to certify a collective action. *See*, *e.g.*, *Butler v. DirectSAT USA, L.L.C.*, 876 F. Supp. 2d 560, 566 (D. Md. 2012); *Romero v. Mountaire Farms, Inc.*, 796 F. Supp. 2d 700, 705 (E.D.N.C. 2011); *Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 562-63 (E.D. Va. 2006).

"First, at the notice stage, a court may conditionally certify a class under a fairly lenient standard so that potential class members may opt-in to the litigation." *Rehberg v. Flowers Baking Co. of Jamestown, L.L.C.*, 2015 WL 1346125, at *40 (W.D.N.C. Mar. 24, 2015) (quoting *In re Family Dollar*, 2014 WL 1091356, at *2 (W.D.N.C. 2014)) (internal quotations omitted). Second, "after discovery is 'virtually complete,' the court revisits the 'similarly situated analysis upon a motion from defendant to decertify the class.'" *Id.* (citing *Long*, 292 F.R.D. at 299). At that second stage, the court will apply a "more rigorous" scrutiny to determine whether the opt-in plaintiffs are, in fact, similarly situated. *Id.* If, after the second stage, the court determines that the opt-in plaintiffs are "similarly situated," then the collective action proceeds to trial; otherwise, the class

3

is decertified, and only the original plaintiffs proceed on their individual claims. *Long*, 292 F.R.D. at 299.

## III. DISCUSSION

In their motion, Movants argue that the Court should strike S-L's MSJ because discovery is ongoing and that if the Court were to rule on S-L's motions at this stage, it would defeat a fundamental goal of the FLSA collective action process, which endeavors to resolve certain employment issues as a class rather than on an individual basis. *See* (Doc. No. 556, at 3-4) ("FLSA collective actions would become entirely unmanageable if individualized summary judgment motions could be filed for or against individual opt-ins."). As discussed more fully below, ruling on S-L's Motions for Summary Judgment at this phase of the class certification process would not be an efficient use of the Court's or counsels' resources. Thus, the Court will grant Movants' Motion to Strike S-L's MSJ. (Doc. No. 552-554).

First, before ruling on a summary judgment motion, a district court must afford parties adequate time for discovery, taking into consideration the circumstances of the particular case. *Plott v. General Motors Corp., Packard Elec. Div.*, 71 F.3d 1190 (6th Cir. 1995), *cert. denied*, 517 U.S. 1157 (1996). Here, the discovery deadline is December 30, 2020, almost four months after S-L filed its MSJ, and discovery remains ongoing as the parties continue to turn over voluminous discovery. S-L produced over 1.93 million pages of documents in two months, with 748,114 of those pages being produced fifteen days after S-L's motions for summary judgment. (Doc. No. 563, at 2-3). Moreover, none of the Movants are included in the 10% discovery sample for this action. Thus, the Plaintiff was not permitted to seek discovery from S-L regarding the Movants. While S-L contends that Plaintiff already deposed two of the three Movants, those depositions were taken during a limited discovery period permitted by this Court for the purposes of

4

conditional class certification. Plaintiff was not permitted to seek discovery from S-L during that time. And, as the Movants point out, their oppositions to summary judgment will likely entail "a review of a wide variety of evidence, including, *inter alia*, company policy documents, emails and other correspondence from management to the putative employees, and the deposition testimony of management-level employees." (Doc. No. 561, at 8).

Second, courts have the inherent power to control their own dockets in favor of judicial economy and other interests. *See, e.g.*, *Landis v. N. Am. Co.*, 229 U.S. 248, 254 (1936). The same is true in FLSA collective actions. *Jumps v. Leverone*, 150 F.2d 876, 877 (7th Cir. 1945) ("The procedure was left to the [District] Courts' discretion in order that they might control the limits of such suits so that the Courts might intelligently supervise the suits in the interest of justice to the parties under the [FLSA]"). By adhering to the two-stage certification process in this action, the Court seeks to efficiently manage the case and ensure the goals of the FLSA's collective action process are preserved.

One purpose of a FLSA collective action is to provide employees with "the advantage of lower individual costs to vindicate rights by the pooling of resources." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Allowing S-L to move for summary judgment against individual opt-in plaintiffs at this early stage of the certification process defeats that purpose. *See Pendlebury v. Starbuck Coffee Co.*, 2008 WL 113667, at *2 (S.D. Fla. Jan. 8, 2020). While S-L correctly points out that the rule in *Pendlebury* is inapposite to the facts of the present case, this Court finds *Pendlebury*'s efficiency rationale persuasive, especially given the posture of the present case in the class certification process.

Specifically, while the court had already fully certified the collective class in *Pendlebury*, this Court has yet to issue a final ruling on class certification. When the Court enters phase two of the

5

certification process, after discovery, S-L will have the opportunity to decertify the class or a subclass of opt-in plaintiffs. *Long*, 292 F.R.D. at 299. If S-L's decertification motion is granted in full, all of the opt-ins (including the three Movants) will be dismissed from this action and trial will be limited to the FLSA claims of Mr. Mode.[1] *See Rehberg,* 2015 WL 1346125, at *41.

This process of dealing with hundreds of opt-in plaintiffs in one proceeding, rather than in individual motions for summary judgment in the middle of the certification process and discovery, serves the collective action's policy goal of efficiency. "The judicial system benefits from the efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [unlawful] activity." *Hoffman-La Roche Inc.*, 493 U.S. at 170 (interpreting the FLSA's collective action mechanism in the ADEA context). Doing otherwise would subject Plaintiffs to the potential of responding to hundreds of individual motions, which would only waste the time and resources of counsel and the Court and would not serve the interests of justice the FLSA's collective action process seeks to provide. *See id.*; *accord Pendlebury*, 2008 WL 113667, at *2. Therefore, the Court finds it inappropriate to rule on S-L's MSJ at this time, and, therefore, will grant Movants' Motion to Strike.

## IV.  ORDER

Accordingly, the Court will grant Movants' Motion to Strike S-L's Motions for Summary Judgment. S-L may re-assert its merits arguments against the Movants either after discovery or in conjunction with the second stage of the certification proceedings.

---

[1] The parties agree that Beth Sturino, as a "non-working route owner," should be dismissed from this action, and the Court will dismiss her accordingly. (Doc. Nos. 556, at n.3; 558, at 8-9). Indeed, the parties are directed to work cooperatively to identify and dismiss similar opt-in plaintiffs prior to the phase-two certification process rather than engaging in time-consuming and costly motions practice. Should these cooperative efforts fail, S-L will still be able to seek dismissal of dissimilar opt-ins in their motion to decertify the class or, if necessary, in a motion for summary judgment after discovery has been completed.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiffs' Motion to Strike S-L's Motions for Summary Judgment, (Doc. Nos. 552-554), is **GRANTED**; and

(2) Beth Sturino will be dismissed from this action by agreement of the parties.

   **SO ORDERED.**

Signed: October 23, 2020

*Kenneth D. Bell*
Kenneth D. Bell
United States District Judge