IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-00150-KDB-DSC

JARED MODE, on behalf of himself and all others similarly situated,

    Plaintiffs,

v.

S-L DISTRIBUTION COMPANY, LLC,
S-L DISTRIBUTION COMPANY, INC., and
S-L ROUTES, LLC,

    Defendants.

## FINAL ORDER AND JUDGMENT APPROVING FLSA SETTLEMENT

Before the Court are Plaintiffs' Unopposed Motion for Approval of the Fair Labor Standards Act Settlement (Doc. No. 675), the accompanying Settlement Agreement and Release (Doc. No. 675-1), the Parties' Stipulation Modifying the Settlement Agreement and Release (Doc. No. 676) and other supporting documents (Doc. Nos. 675-2, 675-3 and 675-4). The Court has carefully reviewed these filings and based on that review and the record in this matter the Court hereby ORDERS and ADJUDGES that the motion is GRANTED and the modified Settlement Agreement and Release together with the modified notice to be provided to the FLSA Collective Members is APPROVED.

1. FLSA settlements must be judicially approved for fairness. *See Kirkpatrick v. Cardinal Innovations Healthcare Solutions*, 352 F. Supp. 3d 499, 502 (M.D.N.C. 2018); *Duprey v. The Scotts Company LLC*, 30 F.Supp. 3d 404, 407-08 (D. Md. 2014); *Patel v. Barot*,

15 F. Supp. 3d 648, 653-54 (E.D. Va. 2014). However, when a collective FLSA action is settled only on behalf of opt-in plaintiffs who already have joined the action, Federal Rule of Civil Procedure 23's class action notice protocols do not apply, and the settlement can be reviewed in a single step, as the Court does here. *See Haskett v. Uber Technologies, Inc.*, 780 Fed. Appx. 25, 27-28 (4th Cir. 2019); *Beasley v. Custom Communications, Inc.*, 2017 U.S. Dist. LEXIS 219975, *4 n. 2 (E.D.N.C. Oct. 24, 2017).

2. Collective FLSA settlements should be approved if the Court determines that: (1) FLSA issues are "actually in dispute; (2) the proposed settlement to those issues is fair and reasonable in light of relevant factors from Rule 23; and (3) the proposed attorneys' fees are reasonable, if included in the agreement." *Thaxton v. Bojangles' Restaurants, Inc.*, 2020 U.S. Dist. LEXIS 225834, *5 (W.D.N.C. Mar. 4, 2020) (citing *Duprey*, 30 F. Supp. 3d at 408). Here, all of these requirements are satisfied. The modified settlement is therefore approved, and the Claims Administrator shall make all payments to the Named Plaintiff, the FLSA Collective Members, and FLSA Collective Counsel in the full amounts described in the modified Settlement Agreement and Release. Further, the modified Notice of Settlement of Collective Action Lawsuit in the form attached as Exhibit 3 to the Settlement Agreement shall timely be provided to the FLSA Collective Members.

3. There has been no determination by any Court as to the merits of the claims and defenses asserted by the Parties other than as reflected in the Court's earlier orders in this action. Indeed, all Parties continue to assert their belief in the merits of their respective positions.

4. Without affecting the finality of this Final Order and Judgment, this Court retains exclusive jurisdiction over the consummation, performance, administration, effectuation, and enforcement of this Final Order and Judgment as may be necessary or appropriate for the construction and implementation of the terms of the modified Settlement

Agreement and Release.

5. This action is hereby dismissed in its entirety with prejudice, and without attorneys' fees or costs to any party except as provided in this Final Order and Judgment and in the modified Settlement Agreement and Release. This Final Order and Judgment is "final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

6. The parties shall abide by all terms of the modified Settlement Agreement and Release, which are incorporated herein, and this Order.

SO ORDERED AND ADJUDGED.

Signed: November 12, 2021

Kenneth D. Bell
United States District Judge